596 S.E.2d 378

**Ex parte Gene Frye Bail BONDS., Appellant,**

**In re The State, Respondent,**

v.

**Robert Husted, Defendant.**

**No. 3788.**

Court of Appeals of South Carolina.

Submitted April 6, 2004.

Decided May 3, 2004.

Robert T. Williams, of Lexington, for Appellant.

No Appearance by Respondent.

STILWELL, J.

In this case, we must decide whether the circuit court can order a bail bond company to return a portion of the money it collected from the defendant's family when the company is relieved as surety on a criminal bond. We hold the court may not issue such an order.[1]

## BACKGROUND

Robert Husted was arrested in Lexington County and charged with several general sessions court offenses. Gene Frye Bail Bonds (GFB) acted as surety on a $60,100 bond and Husted was released from jail. Following Husted's arrest on additional charges and his failure to make a court appearance, GFB requested to be released as surety.

At a hearing on the motion, GFB asserted Husted's father asked to be relieved of his obligations as the bond's guarantor.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

The court asked GFB to reappear the next morning with Husted's father to determine the amount already paid on the bond. Following the second hearing, the court released GFB from further obligations on the bond but required it to return $4500 of the $6000 fee it had received from Husted's father.

## DISCUSSION

GFB contends the circuit court erred by requiring it to repay a portion of its previously collected fee to Husted's father. We agree.

S.C.Code Ann. § 38–53–50 establishes the procedure to be followed when a surety seeks to be relieved from a bond:

(A) A surety desiring to be relieved on a bond for "good cause" or the nonpayment of fees shall file with the court a motion to be relieved on the bond. A copy of the motion must be served upon the defendant, his attorney, and the solicitor's office. The court shall then schedule a hearing to determine if the surety should be relieved on the bond and advise all parties of the hearing date.

(B) If the circumstances warrant immediate incarceration of the defendant to prevent imminent violation of any one of the specific terms of the bail bond, or if the defendant has violated any one of the specific terms of the bond, the surety may take the defendant to the appropriate detention facility for holding until the court orders that the surety be relieved. The surety must immediately file with the detention facility and the court an affidavit stating the facts to support the surrender of the defendant for good cause or the nonpayment of fees. When the affidavit is filed with the court, the surety must also file a motion to be relieved on the bond pursuant to subsection (A). A surety who surrenders a defendant and files an affidavit which does not show good cause or the nonpayment of fees is subject to penalties imposed for perjury as provided for in Article 1, Chapter 9 of Title 16.

S.C.Code Ann. § 38–53–50 (2002).

This version of section 38–53–50 became effective in 1998. *See* S.C.Code Ann. § 38–53–50 (2002) (history); *see also* Act No. 425, 1998 S.C. Acts 3134, 3138. Prior to the 1998 amendments, section 38–53–50(B) further provided the circuit court "may order the surety to refund to the defendant any fees

paid toward the bail bond after deducting the surety's actual costs, reasonable expenses, and reasonable fees, as determined by the court." *See* S.C.Code Ann. § 38–53–50(B) (Supp.1997). However, when section 38–53–50 was revised in 1998, this provision was deleted and the circuit court was granted no similar authority.

Clearly, section 38–53–50 gives the circuit court discretion in determining whether a surety should be relieved from a bond. *See* S.C.Code Ann. § 38–53–50(A) (After a surety files a motion to be relieved on a bond, "[t]he court shall then schedule a hearing to determine *if the surety should be relieved* on the bond.") (emphasis added). However, nothing in the statute vests the court with the discretion to require the surety return any portion of the fee the defendant paid for the bond. Although the circuit court previously had the power to require a return to the defendant of a portion of the fee, that authority did not survive the 1998 amendment to section 38–53–50.

We conclude the governing statute does not authorize the circuit court to require a bonding company to pay any portion of the fee back to the defendant or his guarantor in order to be released from a bond. Accordingly, the challenged portion of the circuit court's order is

**REVERSED.**

HUFF, J., and CURETON, A.J., concur.