THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 State of South
 Carolina, Plaintiff,
 v.
 Patrice D.
 Cleveland, Appellant,
 In Re: A.D.
 Bail Bonding, Respondent.
 State of South
 Carolina, Plaintiff,
 v.
 Yashica N.
 Cleveland, Appellant,
 In Re: A.D.
 Bail Bonding, Respondent.
 
 
 

Appeal From Oconee County
 J. Cordell Maddox, Jr., Circuit Court
 Judge
Unpublished Opinion No.  2009-UP-359
Submitted June 1, 2009  Filed June 23,
 2009
AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia, for Appellants.
 Robert Mills Ariail, Jr., of Greenville, for Respondent.
 
 
 

PER CURIAM: Following Patrice and Yashica Cleveland's arrest for
 distribution of crack cocaine, they were released  after posting bond, with
 surety provided by A.D. Bail Bonding (Bail Bonding).  Subsequently, both
 Patrice and Yashica were arrested on new drug-related charges, and Bail Bonding
 filed a motion to be relieved of its obligations under the bonds.  This appeal
 is from the circuit court's grant of Bail Bonding's motion.  On appeal, Patrice
 and Yashica maintain the circuit court erred in allowing Bail Bonding to
 proceed pro se at the motion hearing and erred in determining notice was
 sufficient.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: Doe v.
 McMaster, 355 S.C. 306, 313, 585 S.E.2d 773, 777 (2003) (stating South
 Carolina law recognizes an individual's ability to appear pro se with leave of
 the court); Gardner v. S.C. Dep't of Revenue, 353 S.C. 1, 14, 577 S.E.2d
 190, 197 (2003) (holding as a general rule, a party must establish
 prejudice as the result of another's failure to follow mandatory statutory
 procedure); Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n, 282 S.C. 430,
 435, 319 S.E.2d 695, 698 (1984) (stating to prevail on a claim of denial
 of due process, there must be a showing of substantial prejudice); Ex parte
 Bonds, 358 S.C. 652, 655, 596 S.E.2d 378, 379 (Ct. App. 2004) (explaining
 circuit court's have discretion in determining whether a surety should be
 relieved of bond).
AFFIRMED.
SHORT,
 WILLIAMS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.