**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Oscar Sorcia, Appellant,

v.

Brady K. Mathis and Palmetto Surety Corporation, Respondents.

Appellate Case No. 2013-001825

———

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

———

Unpublished Opinion No. 2015-UP-401
Submitted April 1, 2015 – Filed August 12, 2015

———

**AFFIRMED**

———

Oscar Sorcia, pro se.

Sidney Paul Mitchell, Jr., of Mitchell Ramseur, LLC, and Paul S. Landis, of Fayssoux Law Firm, P.A., both of Greenville, for Respondents.

———

**PER CURIAM:** Oscar Sorcia appeals the trial court's order granting summary judgment to Brady K. Mathis and Palmetto Surety Corporation. Sorcia argues the trial court erred in (1) granting Respondents' cross motion for summary judgment

and denying his motion for summary judgment; (2) denying his "motion to strike" Respondents' attorney's appearance; and (3) denying his Rule 59(e), SCRCP, motion where the trial court applied the wrong standard. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court properly ruled on the motions for summary judgment: Rule 56(b), SCRCP, ("A party against whom a claim . . . is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."); Rule 56(c), SCRCP (stating a motion for summary judgment "shall be served at least [ten] days before the time fixed for the hearing"); *id*. ("The adverse party may serve opposing affidavits not later than two days before the hearing."); Rule 56(e), SCRCP ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."); Rule 56(c), SCRCP (stating summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Regions Bank v. Schmauch*, 354 S.C. 648, 660, 582 S.E.2d 432, 438 (Ct. App. 2003) ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings. Rather, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial."); *Regions Bank v. Wingard Props., Inc.*, 394 S.C. 241, 254, 715 S.E.2d 348, 355 (Ct. App. 2011) ("'It is well known that equity follows the law.'" (quoting *Smith v. Barr*, 375 S.C. 157, 164, 650 S.E.2d 486, 490 (Ct. App. 2007))); *id*. ("When providing an equitable remedy, the court may not ignore statutes, rules, and other precedent."); *Ex parte Bonds*, 358 S.C. 652, 655, 596 S.E.2d 378, 379 (Ct. App. 2004) (holding that nothing in the statute establishing the procedure for a surety seeking to be relieved from a bond "vests the court with the discretion to require the surety return any portion of the fee the defendant paid for the bond").

2. As to whether the trial court properly denied Sorcia's "motion to strike" Respondents' attorney's appearance: *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) (holding an issue is abandoned where the issue is not argued in the body of the brief but is presented as a short, conclusory statement without citation to authority).

3. As to whether the court erred in denying Sorcia's Rule 59(e), SCRCP, motion when the trial court appears to have applied the wrong standard: *See Gray v. Club Grp., Ltd.*, 339 S.C. 173, 192, 528 S.E.2d 435, 445 (Ct. App. 2000) (finding a trial court's application of the wrong standard of review was harmless where the application of the correct standard of review produced the same result).

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.